*Twenty-third Judicial District.*

# In the Court of Common Pleas of Berks County.

## HIESTER *v.* MUHLENBURG.

The right of a plaintiff to a judgment in default of appearance under the 33d section of the act of 13th June, 1836, ceases with the lapse of the return day of the summons, without the filing of the declaration which the act requires.

The return of a sheriff to a summons, specifying that it was served on defendant "by leaving a true and attested copy with his sister, Mrs. ——, at his residence before going into the army," is defective in failing to affirmatively show the party with whom the copy was left to have been an adult member of the family in which defendant had resided. It can not be helped by implication.

Rule to vacate judgment and set writ aside.

Opinion by

WOODWARD, J. The summons was issued in this action on the 28th day of February, 1866, and was returned as having been served on the defendant on the same day, "by leaving a true and attested copy with his sister, Mrs. H. A. Muhlenburg, at his residence before going into the army." No appearance was entered and no proceedings were had until the 25th of November, 1868, when a declaration was filed. On the 26th of December, 1868, a rule to plead was entered. And on the 26th of January, 1869, judgment was taken in open Court, on motion, for default

of appearance by the defendant.    After proceedings had been commenced in the State of Delaware for the collection of the judgment, this rule was applied for on the 16th of October, 1869.

The right of the plaintiff to a judgment in default of appearance under the 33d section of the act of the 13th of June, 1836, ceased with the lapse of the return day of the summons, without the filing of the declaration which the act required.

A judgment for failure to plead would have been sufficiently regular on the 26th of January, 1869, (assuming the return of service to have been legal,) if it had been taken on that ground.    But it was entered for default of appearance although the declaration was not filed until the third term after the suit was commenced.    For this irregularity the defendant offering to plead at once, the court would be required to open the judgment.

There is, however, a question back of this as to the sufficiency of the sheriff's return to the writ.    The only evidence submitted proves that the defendant had no residence in this county when the suit was brought. He was a single man, with a father residing in the city of Lancaster, and had boarded here for some years while employed as an engineer of the Lebanon Valley railroad.    He left Reading in 1857, and thenceforth wherever his residence may have been, it is clear it was not here.    If the service of the writ had been in due form, it may be that this fact would not help the defendant further than to entitle him on proof of a meretorious defence to an opening of the judgment, for some decisions of the Courts of Pennsylvania indicate that the facts appearing on the face of a sheriff's return must be held to be conclusive.    There is no proof of merit in the depositions, and on this branch of the case the court propose only to inquire whether the return of service can be sustained.    The second section of the act of the 13th of June, 1836, prescribes four modes of serving a writ of summons.    1st. By reading the writ in the hearing of the defendant.    2d. By giving the defendant notice of the contents of the writ and by giving him a true and attested copy of it.    3d. By leaving a true and attested copy at the defendant's dwelling house in the presence of one of the adult members of his family.    4th. If the defendant resides in the family of another, by leaving a true and attested copy at the house in which he resides, with one of the adult members of the family in which he resides.    In the present case the sheriff made return that he served the writ by leaving a copy with the defendant's sister, Mrs. H. A. Muhlenburg, at his residence before going into the army.    But the statute requires the person with whom the writ is left to be "one of the adult members of the family in which the defendant resides."    It may be conjectured that Mrs. Muhlenburg was a member of the family in which the defendant had resided before the war, and that she was of adult age.    Indeed, connecting the facts in the depositions with the facts in the return, such a theory might be taken to be established with reasonable certainty.    But for pre-

sent purposes the return is to be tested by what appears on its face. It is proved that personal knowledge of the suit was not received by the defendant until the judgment had been entered. To hold him bound by the process, therefore it must appear that such process was strictly in accordance with legal forms. Taking the return by itself there is nothing to indicate that Mrs. Muhlenburg was a member of the family in which the defendant had been resident. The copy was left with a Mrs. H. A. Muhlenburg, the sister of the defendant, at what is simply said to have been "his residence before going into the army." For all that is shown by the return, this lady may have been as casual a visitor at the house where the writ was served as the sheriff himself. She may have lived next door or in the next street, or in Lancaster, or outside of the State. The return was defective because it did not affirmatively show Mrs. Muhlenburg to have been an adult member of the family in which the defendant had resided, and it can not be helped by implication.

The decision of this question is placed exclusively on the grounds that have been stated. The court do not design to intimate—for such an intimation is unnecessary—that the service of a writ would be sustained by leaving a copy with a member of a family in which a defendant had been a boarder nine years before. For the same reason, that it is unnecessary, no inquiry is made as to the effect of the fourth section of the act of the 18th of April, 1861, exempting from liability to civil process persons mustered into the military service of the United States. The decision is based on the record above.

It is ordered that the judgment be vacated and that the sheriff's return to the summons and all proceedings subsequent thereto be set aside. The residue of the rule to show cause is discharged.

*H. Maltzberger, Esq.*, for plaintiff.